# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JOHN N. GRILLIS, *et al.*,

Plaintiffs,

v.

THE PRE IPO MARKETPLACE INC., *et al.*,

Defendants.

Civil Action No. 25-7956 (MAS) (JTQ)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiffs John N. Grillis ("Grillis") and George Lyras's ("Lyras," and collectively with Grillis, "Plaintiffs") unopposed Motion for Default Judgment against Defendants The Pre IPO Marketplace Inc. ("Marketplace INC") and The Pre-IPO Marketplace, LLC ("Marketplace LLC," and collectively with Marketplace INC, "Marketplace Defendants"). (Pls.' Mot. for Default J., ECF No. 27.) The Court has carefully considered Plaintiffs' submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b).

This action arises from an alleged multi-million dollar fraudulent scheme perpetrated by Marketplace Defendants, GlobalX VC LLC ("GlobalX"), John Michael LoPinto ("LoPinto"), Robert Wilkos ("Wilkos"), and Laren Pisciotti ("Pisciotti") "involving marketing and selling securities, in the form of interests in private funds (the 'Marketplace Funds')[,] that purportedly held highly-coveted stock in private companies such as SpaceX, Tevva, and Neuralink, that had not yet held initial public offerings ('pre-IPO companies')." (*See* Compl., ¶¶ 1, 19-80, ECF No. 1.) Plaintiffs allege that: (1) Marketplace INC is a Delaware corporation with a principal place of business in New Jersey and is owned equally in fifty percent shares by LoPinto and Wilkos (*id.*

¶ 4); (2) Marketplace LLC is a Delaware limited liability company (*id.* ¶ 6); and (3) LoPinto, a citizen of New York, and Wilkos, a citizen of New Jersey, are the sole members of Marketplace LLC (*id.*). Plaintiffs became victims of the scheme when, among other things, they were in the market for pre-IPO shares of SpaceX in September 2021. (*Id.* ¶ 19.)

Plaintiffs' Complaint asserts five causes of action: (1) violation of Section 10(b) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder ("First Cause of Action"); (2) violation of N.J. Stat. Ann. § 49:3-52 ("Second Cause of Action"); (3) violation of N.J. Stat. Ann. § 49:3-71 ("Third Cause of Action"); (4) common law fraud and negligent misrepresentation ("Fourth Cause of Action"); and (5) unjust enrichment ("Fifth Cause of Action"). (*Id.* ¶¶ 81-111.) Plaintiffs argue that default judgment is proper here because, among other things, Marketplace Defendants were properly served, and this Court may properly exercise personal jurisdiction over Marketplace Defendants. (Pls.' Moving Br. 15-18, ECF No. 31.)

Federal Rule of Civil Procedure 55[1] authorizes a court "to enter default judgment against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Entry of default judgment is left to the district court's discretion. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citation omitted). Default judgment is a disfavored remedy because it does not resolve a plaintiff's claims on the merits. *Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)). Before entering default judgment, moreover, the

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Court has an independent duty to ensure that Plaintiffs properly served Marketplace Defendants, and that it has "subject matter jurisdiction over the dispute and personal jurisdiction over the parties." *Coulter v. Nat'l Tenant Network*, No. 24-6798, 2026 WL 836465, at *2 (D.N.J. Mar. 26, 2026) (citing *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017)).

Here, the Court finds good cause to exercise its discretion and deny Plaintiffs' motion without prejudice. First, it is not clear to the Court whether Plaintiffs properly served Marketplace INC. Service on a business organization may be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). Here, Plaintiffs explain in their moving brief that Marketplace INC has no registered agent in Delaware and that "Plaintiffs were unable to find a good address" to effectuate service. (Pls.' Moving Br. 18.) Plaintiffs then assert that they personally served LoPinto as Marketplace INC's "authorized recipient[,]" which Plaintiffs argue "is proper because the defendant corporation is entirely under [LoPinto's] control." (*Id.*)[2] Plaintiffs, however, submit that Marketplace INC "is owned equally in [fifty-percent-]shares by LoPinto and Wilkos[,]" which necessarily means that Marketplace INC is *not entirely* under LoPinto's control. (*Id.*) Here, based on Plaintiffs' arguments and representations, and the single case that Plaintiffs cite from over fifty years ago, the Court is not satisfied that Plaintiffs have properly served Marketplace INC. The Court, accordingly, finds that default judgment as to Marketplace INC is inappropriate at this juncture. *See Menon v. Corbett*,

---

[2] In support of this proposition, Plaintiffs cite a single case from 1975. (Pls.' Moving Br. 18 (citing *Orefice v. Laurelview Convalescent Ctr., Inc.*, 66 F.R.D. 136, 142-43 (E.D. Pa. 1975).) Furthermore, the docket does not reflect a motion before the Magistrate Judge for substituted service. Instead, it appears that Plaintiffs made the unilateral decision that its form of service was appropriate and sufficient.

No. 21-8384, 2023 WL 4946972, at *5 (D.N.J. Aug. 3, 2023) (finding that default judgment against defendant was not appropriate where "it is unclear whether service has been properly effectuated"); *see also Martin v. Aurora Fin. Grp., Inc.*, No. 24-7310, 2025 WL 278422, at *2 (D.N.J. Jan. 23, 2025) ("The Court cannot exercise jurisdiction over a party that has not been properly served." (citation omitted)).

Second, it is not clear to the Court whether it can exercise personal jurisdiction over Marketplace LLC. "[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). While Plaintiffs aver in their moving brief that the Marketplace Defendants maintained office space and had bank accounts in New Jersey, the Complaint lacks any factual allegations regarding such office space. (*See generally* Compl.) Moreover, the evidentiary support that Plaintiffs cite in their moving brief to establish that Marketplace Defendants had such office space does not assuage this Court's concerns. (*See* Ex. 1 to Grillis Decl. ("Wiring Instructions"), ECF No. 28-1 (pictures of wiring instructions for Marketplace LLC listing an office on the bottom of the paper).)

Based on these doubts, the Court finds good cause to deny Plaintiffs' Motion for Default Judgment without prejudice. *See Gera v. Borough of Frackville*, No. 25-1722, 2025 WL 3158699, at *2 (3d Cir. Nov. 12, 2025) (explaining that because default judgments are disfavored by the Third Circuit, "doubtful cases should be resolved in favor of the party against whom one is sought" (citation modified)); *Miranda v. Maxcare, Inc.*, No. 22-5412, 2023 WL 5237116, at *1 (D.N.J. Aug. 15, 2023) (noting that "[e]ntry of default judgment is left to the district court's discretion" (citation omitted)). Accordingly,

4

**IT IS**, on this 15th day of June 2026, **ORDERED** as follows:

1.    Plaintiffs' Motion for Default Judgment (ECF No. 27) is **DENIED WITHOUT PREJUDICE**.

_____

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE